**B.N.P. CANADA INC., Plaintiff,**

v.

**HORVATH & ASSOC. STUDIOS, LTD.
a/k/a Horvath Associates Studios,
Ltd., Defendant.**

**No. 82 CIV 4931 (LBS).**

United States District Court,
S.D. New York.

Dec. 23, 1982.

DiNardo & Co., P.C., Kurt Dinkelmeyer, New York City, for plaintiff.

Katz, Robinson, Brog & Seymour, P.C., Robert M. Milner, New York City, for defendant.

## OPINION

SAND, District Judge.

Plaintiff obtained a default judgment in the sum of $163,781.33 on August 30, 1982. Service of the complaint had been effected solely by mail. Pursuant to Rule 47 of the Civil Rules for the Southern District of New York:

"such service shall not be the basis for the entry of a default or a judgment of default unless the person so served has appeared either in person or by counsel."

No such appearance was entered.

Plaintiff's affidavit in support of the entry of a default judgment did not disclose that service was effected solely by mail and the Clerk's office did not call this fact to the Court's attention.[1]

Defendant moves by Order to Show Cause to set aside the default judgment. The affidavit of defendant's president, James Horvath, asserts that he received a copy of the summons and complaint in the mail and that he directed his attorneys not to answer or appear, relying on advice he had received from counsel that Rule 47 would prohibit the entry of a default.

Plaintiff urges that it will be prejudiced if the judgment is set aside because it would no longer have a judgment lien on defendant's real property and defendant could dispose of this property and render itself judgment-proof. Moreover, plaintiff urges that the judgment is for a liquidated amount owed by the defendant on a written agreement of guaranty and that there is simply no available defense to the defendant.

This point becomes even more significant in the light of developments transpiring since the initial submission of this motion. In the aforesaid affidavit of James Horvath, he asserts:

"Despite the fact that there is a related action now pending in the province of Quebec for the district of Montreal or, more accurately by reason thereof, I directed my attorneys not to interpose an answer or appearance in the within action."

By letter dated December 13, 1982, plaintiff's counsel has advised that on December 6, 1982, a default judgment was entered in plaintiff's favor on the loan guaranteed by the defendant herein. By letter dated December 20, 1982, defendant's counsel advises that this default was entered because of a tardy appearance in court by the defendant and that a motion to set aside the default is pending. These defendants appear to have a propensity to have defaults entered against them and to litigate, not the merits, but the entry of such defaults.

The equities in this case are mixed. Plaintiff's ignorance or disregard of the local rule cannot be condoned. Defendant's conduct appears to be dilatory.

Defendant contends that the default judgment is void under Rule 60(b)(4). But even that rule enables a court to impose "such terms as are just." Plaintiff contends that the judgment is merely voidable under F.R.Civ.Proc. 55(c) and 60(b) and that a showing of a meritorious defense is a prerequisite to setting the judgment aside. Although there has not been compliance with Rule 47 of the local civil rules, defendant's admitted receipt of the complaint obviates, in our opinion, any constitutional impediments to a finding of personal jurisdiction. Were the Court to set aside the judgment in a proceeding in which ultimate

---

1. The procedures of the Clerk's office have since been changed, in part, in response to the problem raised by this proceeding.

entry of a subsequent judgment in plaintiff's favor is inevitable, plaintiff's rights as against other creditors of defendant would be prejudiced and plaintiff's ability to collect on the judgment would be impaired.

In short, we agree with plaintiff that, on the special circumstances of this case, a showing by the defendant of a meritorious defense will be required before the judgment is set aside.

Defendant shall furnish to the Court within fifteen (15) days from the date hereof, an affidavit asserting such defense, if any, and annexing a proposed answer to the complaint. Both parties are to brief the issue whether a meritorious defense has been shown within the ensuing fifteen (15) days.

Decision on the application to set aside the default judgment is deferred and plaintiff is stayed from executing on said judgment.

SO ORDERED.